**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

JASON LEE SHARP                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:25-CV-231-JHM

CARRIE OLVEY-WIGGINS, *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an initial review of Plaintiff Jason Lee Sharp's *pro se* civil-rights complaint pursuant to 28 U.S.C. § 1915A.   For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

**I.**

Plaintiff moves to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).   [DN 6].   Rule 15(a) of the Federal Rules of Civil Procedure authorizes a party to amend his pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of motion under Rule 12(b), (e), or (f), whichever is earlier."   Fed. R. Civ. P. 15(a)(1)(B).   Because Plaintiff filed the amended complaint prior to any responsive pleadings being filed, no motion to amend is necessary.

As such, **IT IS ORDERED** that the motion to amend [DN 6] is **DENIED as moot**.   Upon consideration, **the Court DIRECTS the Clerk of Court to file DN 6-1 as the amended complaint as of the date it was originally filed**.   The Court will consider this amended complaint, along with the original complaint, in conducting the initial review.

## II.

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 arising out of the handling of his state court criminal case, *see Commonwealth v. Sharp*, 25-CR-6 (Trigg Circuit Court)[1], and his medical treatment while housed at the Christian County Detention Center ("CCDC").  [DN 1, DN 6-1].   Plaintiff names as Defendants in their individual and official capacities the prosecuting attorney, Carrie Olvey-Wiggins; Cadiz Police Officer Thomas Tyler; Trigg County District and Circuit Court Judges Shaulk and Natalie White, respectively; his former public defenders, Eric Bearden and Sara Hernandez; Sober Living Manager at Pennyroyal Mental Health Mark Edmonds; and Genesis Recovery Center.  He also sues Christian County Jail medical.  [DN 1].  In his amended complaint, Plaintiff adds as Defendants Christian County, Kentucky; Christian County Detention Center; John Doe Jail Administrators (1-5); John Doe Classification Officers (1-5); and John Doe Medical Staff/Supervisors (1-5).   [DN 6-1].

Plaintiff alleges that Defendant Tyler gave testimony at the preliminary hearing in Plaintiff's state-court criminal case that was "materially false and misleading" and the testimony served as the basis for increasing Plaintiff's bond and his continued incarceration.  Plaintiff represents that Defendant Tyler lied at the hearing, admitted he deliberately shut off his body-worn camera during questioning of the victim in violation of *Brady v. Maryland*, and coerced the victim's statement.  Plaintiff contends that this conduct violated the following rights: freedom from unlawful seizure based on false statements under the Fourth Amendment; due process and a fair proceeding under the Fourteenth Amendment; unlawful procurement of statements obtained through coercion or pressure under the Fifth Amendment; and denial of Plaintiff's right to due

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts.  A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

process and fair opportunity to confront the evidence under the Sixth Amendment. Plaintiff claims that based on this testimony, Defendant Judge Shaulk improperly doubled his bond in violation of his due process and fair consideration rights under the Eighth and Fourteenth Amendments.

Plaintiff asserts that while he was in custody, he filed multiple motions for discovery, and they were ignored or denied. Plaintiff complains that his appointed counsel, Defendant Bearden, refused to share discovery with him, refused to file motions, and discouraged him from going to trial. Plaintiff represents that he entered a plea agreement on April 9, 2025, under the belief "communicated by counsel—that he could later seek withdrawal once discovery was reviewed." Plaintiff states that in April 2025, he filed a motion to withdraw his plea. He represents that Defendant Hernandez informed him that if he withdrew his plea, he would have to hire a paid attorney. Based on this conduct, Plaintiff asserts that Defendants Bearden and Hernandez violated his due process rights, exercised ineffective assistance of counsel, violated his rights under the Sixth Amendment, and "deprived [him] of liberty without due process by denying plea withdrawal based on misinformation and coercion."

In his amended complaint, Plaintiff alleges that upon entering the CCDC, the jail and medical defendants were deliberately indifferent to his medical needs regarding his severely broken toe in violation of the Eighth Amendment.

Plaintiff also asserts that he was entitled to release from the CCDC on December 23, 2025, but remained incarcerated until December 29, 2025, resulting in unlawful confinement without legal justification in violation of the Eighth and Fourteenth Amendments.

Finally, Plaintiff alleges that his injuries were caused by the policies, customs, and failure to train or supervise of Christian County.

3

For relief, Plaintiff seeks damages and injunctive relief in the form of "holding Defendants accountable for people's due process and constitutional rights."

**III.**

At the time he filed his complaint, Plaintiff was incarcerated at the CCDC. Plaintiff has since been released from custody. [DN 6]. Because Plaintiff was a prisoner seeking relief against governmental entities, officers, and/or employees at the time he filed his complaint, this Court must review the complaint and the amended complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and amended complaint and dismiss them, or any portion of them, if the Court determines that they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with

4

pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**IV.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. State Employees

### 1. *Official-Capacity Claim for Damages*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants Shaulk, White, and Olvey-Wiggins are state employees. *See, e.g.*, *Quarles v. Beard*, No. 1:25-CV-P140-CRS, 2025 WL 2977637, at *2 (W.D. Ky. Oct. 17, 2025); *Ludwiczak v. Castlen*, No. 4:25-CV-P12-JHM, 2025 WL 1671899, at *2 (W.D. Ky. June 12, 2025). Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, in as much as Plaintiff seeks damages from state employees in their official capacity, Plaintiff fails to allege cognizable claims under § 1983.

5

*See id.*   Further, the Eleventh Amendment acts as a bar to claims for damages against state employees sued in their official capacities.   *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Shaulk, White, and Olvey-Wiggins for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### 2.  *Individual-Capacity Claims against Defendants Shaulk and White*

Plaintiff's individual-capacity claims against Defendants Shaulk and White are subject to dismissal as well because a judge is entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity.   *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).   Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself."   *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)).   Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Defendants Shaulk and White in their judicial capacity, Plaintiff's individual-capacity claims against them are barred by judicial immunity.

### 3.  *Individual-Capacity Claim against Defendant Olvey-Wiggins*

Plaintiff's individual-capacity claim against Defendant Olvey-Wiggins is also subject to dismissal because "prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity."   *Rust v. Larue Cnty. Det. Ctr.*, No. 3:21-CV-P332-DJH, 2021 WL 4976705, at *4 (W.D. Ky. Oct. 26, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)).   Prosecutorial immunity even applies

6

when a prosecutor acts wrongfully or maliciously. *See, e.g., Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity applies to knowingly using false testimony); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Therefore, the individual-capacity claim against Defendant Olvey-Wiggins must also be dismissed.

### B. Defense Counsel

Regarding Plaintiff's claims against Defendants Bearden and Hernandez, "it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Webb v. Ky. Dep't of Pub. Advoc.*, No. 5:17-CV-P81-TBR, 2017 WL 3441082, at *2 (W.D. Ky. Aug. 9, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Thus, Plaintiff's claims against Defendants Bearden and Hernandez must be dismissed for failure to state a claim upon which relief may be granted.

### C. Private Parties

Defendants Edmonds, Pennyroyal Mental Health, and Genesis Recovery Center are also not state actors for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under

§ 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Steverson v. Freeman Recovery Ctr.*, No. 3:24-CV-01039, 2025 WL 3246108, at *2 (M.D. Tenn. Nov. 19, 2025).   Here, Plaintiff has not alleged that these parties are state actors or that there is a nexus between the state and the challenged action of the recovery centers or the manager.   Therefore, Plaintiff's § 1983 claims against Defendants Edmonds, Pennyroyal Mental Health, and Genesis Recovery Center must be dismissed for failure to state a claim upon which relief may be granted.

### D.  Defendant Tyler

Plaintiff alleges that Defendant Tyler committed perjury at a state-court hearing resulting in Plaintiff's continued wrongful imprisonment.   It is well established that witnesses who testify at trial—whether government officials or lay witnesses—are entitled to absolute immunity from suit based on that testimony.   *Briscoe v. LaHue*, 460 U.S. 325, 334–46 (1983) (holding that § 1983 does not authorize a plaintiff to assert a claim against a government official for damages for giving false testimony as a witness at a trial or court hearing).   A government witness is entitled to testimonial immunity "no matter how egregious or perjurious that testimony was alleged to have been."  *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)).   Plaintiff's claims against Defendant Tyler for allegedly giving false testimony will be dismissed for seeking monetary relief from a Defendant immune from such relief.

With respect to Plaintiff's allegations that Defendant Tyler deliberately shut off his body-worn camera during the questioning of the victim and coerced the victim's statement in violation of *Brady v. Maryland*, Plaintiff's claims related to these allegations are likewise subject to

8

dismissal.   In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."   373 U.S. 83, 87 (1963).   The duty to disclose exculpatory evidence is not limited to prosecutors; police officers share an analogous duty to disclose such evidence to the prosecutor's office.   *Moldowan*, 578 F.3d at 381.   However, in *Heck v. Humphrey*, the Supreme Court specifically held that a § 1983 claim about the destruction of evidence that calls into question a plaintiff's criminal conviction must be dismissed unless the plaintiff's conviction has been formally invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994).   The Supreme Court held that a claim that officers knowingly destroyed exculpatory evidence necessarily implicates the validity of the plaintiff's conviction or sentence.   *Id*.   Here, Plaintiff's claims regarding the destruction/suppression of exculpatory evidence are subject to dismissal for the same reasons. *See also Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *6 (6th Cir. May 19, 2017) (holding that *Heck* barred claim that the defendants had withheld exculpatory evidence in violation of *Brady*).

### E.   CCDC

CCDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers or sheriff's departments, are not suable under § 1983.   *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).   In this situation, Christian County is the proper defendant.   *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).   Because Christian County has already been named as a

Defendant in the amended complaint, the Court will therefore dismiss the claims against CCDC as redundant to the claims against Christian County.

### F.   John Doe Defendants and Christian County

The Court will allow <u>Plaintiff's Eighth Amendment deliberate-indifference-to-medical-care claims to proceed against Christian County, the John Doe Medical Staff/Supervisors in their individual and official[2] capacities, the John Doe Jail Administrators in their individual capacities, and the John Doe Classification Officers in their individual capacities</u>.   The Court will also allow <u>Plaintiff's Eighth and Fourteenth Amendments over-incarceration claims to proceed against Christian County, the John Doe Jail Administrators in their individual capacities, and the John Doe Classification Officers in their individual capacities</u>.   The Court will dismiss the official capacity claims against the John Doe Jail Administrators and the John Doe Classification Officers as redundant to the claims against Christian County.

### G.   Injunctive Relief Requested

Plaintiff requests relief in the form of "holding Defendants accountable for people's due process and constitutional rights."   While the request is vague, the Court construes it as requesting that Defendants be terminated.   However, the Court does not have the authority to grant this type of relief under § 1983.   *See, e.g., Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority

---

[2] As stated above, Plaintiff sues Defendants John Doe Medical Staff/Supervisors in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"   *Graham*, 473 U.S. at 166 (quoting *Monell.*, 436 U.S. at 691 n.55).   Plaintiff's official-capacity claims against these Defendants are actually against their employer, the medical provider for CCDC.   In discovery, Plaintiff can determine whether CCDC hires its own medical personnel or whether it contracts with a medical provider. The same analysis that applies to § 1983 claims brought against municipalities under *Monell* also applies to private corporations contracted to provide medical services to inmates.   *See*, *e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012).

under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]").    Thus, the Court will dismiss Plaintiff's injunctive relief claim of "holding Defendants accountable" for failure to state a claim upon which relief may be granted.

**V.**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1)    The Court will allow Plaintiff's Eighth Amendment deliberate-indifference-to-medical-care claims to proceed against Christian County, the John Doe Medical Staff/Supervisors in their individual and official capacities, the John Doe Jail Administrators in their individual capacities, and the John Doe Classification Officers in their individual capacities.    The Court will also allow Plaintiff's Eighth and Fourteenth Amendments over-incarceration claims to proceed against Christian County, the John Doe Jail Administrators in their individual capacities, and the John Doe Classification Officers in their individual capacities.    The Clerk of Court is **DIRECTED** to add Christian County, the John Doe Medical Staff/Supervisors in their individual and official capacities, the John Doe Jail Administrators, and the John Doe Classification Officers as parties to this action.

(2)    Plaintiff's claims against Defendants Christian County Detention Center, Thomas Tyler, Judge Shaulk, Judge Natalie White, Eric Bearden, Sara Hernandez, Mark Edmonds, Pennyroyal Mental Health, Genesis Recovery Center, and Carrie Olvey-Wiggins in their individual and official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.    Since no claims remain against them, the Clerk of Court is **DIRECTED** to terminate these Defendants as parties to the action.    Defendant Christian County Jail Medical is also dismissed from the action as duplicative of the official capacity claims against

11

John Doe Medical Staff/Supervisors.    The Clerk of Court is **DIRECTED** to terminate this Defendant as a party to the action as well.

(4)    The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

Date: June 8, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.014

12